### IN THE UNITED STATES DISTRICT COURT

### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DERON GRINAGE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **CIVIL NO. 05-429-DRH** |
| ) | |
| **ROGER WALKER, RANDY GROUNDS,** ) | |
| **GREGORY LAMBERT, JULIE** ) | |
| **WILKERSON, ROY BRADFORD,** ) | |
| **JUSTIN JOHNSON, JAMES SANDAGE,** ) | |
| **MAJOR ROUSEY, LIEUTENANT** ) | |
| **CONRAD, TERRI CHAPMAN,** ) | |
| **CARMELO MONTES, CINDY MILLER,** ) | |
| **MR. EUBANKS, ANGELA WINSOR and** ) | |
| **UNKNOWN PARTIES,** ) | |
| ) | |
| **Defendants.** ) | |

### MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff, formerly an inmate in the Big Muddy River Correctional Center, brings this action

for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.  He filed a motion for

leave to proceed *in forma pauperis* (Doc. 3), and the Court finds that he is, in fact, indigent;

therefore, this motion is **GRANTED**.[1]

FACTS ALLEGED

This case arises from an incident that occurred on October 4, 2004, when Plaintiff was

assaulted by another inmate.  Plaintiff advised Defendant Johnson of what had happened, and

---

[1] Plaintiff has been released from custody; therefore, the Court will not collect the filing fee
pursuant to 28 U.S.C. § 1915(b).

Johnson directed Plaintiff back to the cell he shared with his assaulter.  Plaintiff refused to return to his cell, afraid that he might be assaulted again.  Shortly thereafter, Johnson summoned Defendant Conrad, who took Plaintiff to the health care unit; Conrad later took Plaintiff to segregation for refusing his housing assignment.  A disciplinary ticket was written, but the details of that ticket are not stated.  It appears that Plaintiff was found guilty by Defendants Chapman and Montes; he was punished with the loss of one month of good conduct credit, and that punishment was approved by Defendant Lambert.

Plaintiff then attempted to appeal this finding through the grievance procedure.  He submitted his first grievance to Defendant Miller on December 10, 2004; she returned it to him six days later indicating that it needed to be written in ink.  Plaintiff rewrote the grievance as directed, but it was later dismissed for not being filed in a timely manner.  From December 2004 through April 2005, Plaintiff claims he wrote numerous requests to Lambert attempting to overturn this punishment.  On April 6, 2005, upon the recommendation of Winsor, Lambert reinstated the revoked good conduct credit.  Plaintiff alleges that he was due to be released from custody on April 27, 2005.  However, Plaintiff alleges that Defendant Eubanks failed to file the appropriate paperwork with Defendant Walker, and Defendant Sandage failed to provide proper notice to Walker regarding the reinstatement of Plaintiff's good conduct credit. due to administrative delays in reinstating his good conduct credit, Plaintiff was not released on April 27; no specific information is provided on the date of Plaintiff's release from custody.[2]

---

[2]  According to the complaint, Plaintiff was still in custody when he prepared the complaint.  The complaint itself is not dated, but his *in forma pauperis* motion is dated May 3, 2005.  This action was originally filed in the Northern District of Illinois on May 12, 2005; the action was subsequently transferred to this District.  Plaintiff filed a change of address with the Northern District on May 16, indicating that he had been released from custody and is currently living in Las Vegas, Nevada.

Plaintiff has set forth four separate claims in his complaint, but the Court finds these designations to be inefficient and unclear.  Therefore, to facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint into numbered counts, as shown below.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion as to their merit.

> **COUNT 1:**  Against defendants Chapman, Montes, Lambert, Eubanks and Sandage for violating his rights to due process.
>
> **COUNT 2:**  Against Defendant Johnson for deliberate indifference to his safety.
>
> **COUNT 3:**  Against Defendant Miller for interfering with his efforts to file a grievance.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are legally frivolous and thus subject to summary dismissal.

## CLAIM 1

Plaintiff first claims that Chapman and Montes deprived him of his rights to procedural due

process when they would not provide him with requested documentation, nor did they allow him to

present certain witnesses in his favor.  As a result, he was confined to segregation and lost 30 days

of good conduct credit.  He further claims that due to the actions or inactions of Lambert, Eubanks

and Sandage, he was kept in custody past his release date.[3]

In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court set out the minimal

procedural protections that must be provided to a prisoner in disciplinary proceedings in which the

prisoner loses good time, is confined to a disciplinary segregation, or otherwise subjected to some

comparable deprivation of a constitutionally protected liberty interest.  *Id.* at 556-572.

> *Wolff* required that inmates facing disciplinary charges for
> misconduct be accorded [1] 24 hours' advance written notice of the
> charges against them; [2] a right to call witnesses and present
> documentary evidence in defense, unless doing so would jeopardize
> institutional safety or correctional goals; [3] the aid of a staff member
> or inmate in presenting a defense, provided the inmate is illiterate or
> the issues complex; [4] an impartial tribunal; and [5] a written
> statement of reasons relied on by the tribunal.  418 U.S. at 563-572.

*Hewitt v. Helms*, 459 U.S. 460, 466 n.3 (1983).

Based on these standards, the Court is unable to dismiss Count 1 at this point in the litigation.

## CLAIM 2

Plaintiff next asserts that Defendant Johnson failed to protect him from harm by ordering him

back into his cell after the assault occurred.  However, Plaintiff was not placed back into that cell,

but instead was taken to the health care unit and then to segregation.  Therefore, the Court cannot

---

[3] Success for Plaintiff in this matter will not lead to immediate release or a shorter stay in custody, as
he has already been released; therefore, he may proceed under § 1983 rather than under habeas corpus.  *See
generally Wilkinson v. Dotson*, 544 U.S. 74, 125 S.Ct. 1242, 1248 (2005).

find that Johnson infringed upon Plaintiff's constitutional rights. *See generally Farmer v. Brennan*, 511 U.S. 825 (1994); *Reed v. McBride,* 178 F.3d 849, 852 (7th Cir. 1999).   Therefore, this claim against Johnson is dismissed from this action with prejudice.

## CLAIM 3

Plaintiff next claims that Miller violated his rights by requiring him to rewrite his grievance in ink; he asserts that there is no department rule requiring that a grievance be written in ink. Regardless of whether the Department rules require ink or not, "a state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995).  The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982).  Accordingly, this claim against Miller is dismissed from this action with prejudice.

## OTHER DEFENDANTS

In the text of his complaint, Plaintiff also mentions Lieutenant Conrad and Angela Winsor. As summarized above, Conrad's only involvement in this incident was to escort Plaintiff to the medical unit and later to the segregation unit (Doc. 1, p. 12, ¶ 5).  The mention of Winsor is almost as brief: apparently she recommended the reinstatement of good conduct credit, and on one occasion she refused to discuss the matter with him further (*id.* at 14, ¶¶ 17, 20-21).  None of these allegations present viable constitutional claims against Conrad or Winsor; accordingly, they are dismissed from this action with prejudice.

Plaintiff also lists Roger Walker, Randy Grounds, Julie Wilkerson, Roy Bradford, and Major Rousey as defendants in the caption of his complaint.  However, the statement of claim does not

include any allegations against these defendants. "A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption." *Collins v. Kibort*,143 F.3d 331, 334 (7th Cir. 1998). *See also Crowder v. Lash,* 687 F.2d 996, 1006 (7th Cir. 1982) (director of state correctional agency not personally responsible for constitutional violations within prison system solely because grievance procedure made him aware of it and he failed to intervene).  Because Plaintiff has made no allegations regarding the personal involvement of any of these individuals in these events, each of these defendants is dismissed from this action with prejudice.

### DISPOSITION

**IT IS HEREBY ORDERED** that **COUNT 2** and **COUNT 3** are **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that Defendants **BRADFORD, CONRAD, GROUNDS, JOHNSON, MILLER, ROUSEY, WALKER, WINSOR** and **WILKERSON** are **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff shall complete and submit a USM-285 form for Defendants **CHAPMAN, EUBANKS, LAMBERT, MONTES** and **SANDAGE** within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order.  The Clerk is **DIRECTED** to send Plaintiff **FIVE (5)** USM-285 forms with Plaintiff's copy of this Memorandum and Order.  **Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.**

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **CHAPMAN, EUBANKS, LAMBERT, MONTES** and **SANDAGE**.  The Clerk shall forward those

forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **CHAPMAN, EUBANKS, LAMBERT, MONTES** and **SANDAGE** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days

after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED:   March 27, 2006.**


                                                <u>/s/   David   RHerndon</u>
                                                   **DISTRICT JUDGE**