# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DERON GRINAGE, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Case No. 05-429-DRH-PMF |
| GREGORY LAMBERT, et al., | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is a motion for summary judgment filed by defendants Lambert, Eubanks, and Sandage (Doc. No. 25). Also submitted is a sua sponte recommendation that claims against defendants Chapman and Montez be dismissed for want of prosecution.

Plaintiff filed this § 1983 action and was allowed to proceed on a claim challenging the constitutionality of his former confinement. In particular, he alleges that good time credits were revoked in violation of procedural due process rights (Count 1).

Defendants Lambert, Eubanks, and Sandage assert the affirmative defense of qualified immunity. They argue that the conduct attributed to them would represent a pronouncement of new law. Plaintiff's response to the summary judgment motion was due within 30 days. Local Rule 7.1(c). When a response was not filed in a timely manner, plaintiff was directed to show cause why the motion and another pending motion should not be granted. No response was filed. Pursuant to Local Rule 7.1(c), the absence of a response is deemed an admission to the merits of the motion.

The record indicates that defense counsel scheduled plaintiff's deposition. In December,

2007, she learned through a nonparty that plaintiff had been released from confinement on parole. Plaintiff's deposition was rescheduled, and notice was sent to an address where plaintiff was believed to be residing following his release. Plaintiff did not attend his deposition or contact defense counsel to reschedule. Also, plaintiff failed to advise the Clerk or defense counsel that he had been released on parole and did not provide a current mailing address. Hence, mail sent to plaintiff at his last known address was returned as undeliverable (Doc. No. 33).

The only reasonable inference to be drawn from these events is that plaintiff has no intention of prosecuting his claims following his release from confinement.

IT IS RECOMMENDED that motion for summary judgment filed by defendants Lambert, Eubanks, and Sandage (Doc. No. 25) be GRANTED. Judgment should enter in favor of these defendants on Count 1.

IT IS FURTHER RECOMMENDED that plaintiff's remaining claims against defendants Chapman and Montez (Count I) be DISMISSED for want of prosecution.

**SUBMITTED: March 14, 2008 .**

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**